UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2014 OCT -6 P 1:44

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
)
BRIAN EDWARD MAHONEY, )
)
       Plaintiff, )
)
vs. )
) Unsigned Docket No.
THE STATES OF NEW HAMPSHIRE )
THE NEW HAMPSHIRE SUPREME COURT ) 1:14-fp-431
JUSTICES LINDA STEWART DALIANIS, CHIEF )
JAMES E. DUGGAN )
GARY E. HICKS )
ROBERT J. LYNN )
CAROL ANN CONBOY AND )
NEW HAMPSHIRE SUPREME COURT CLERK )
EILEEN FOX, )
       Defendants/Movants. )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION   WRIT OF HABEAS CORPUS AND
CIVIL RIGHTS VIOLATION
PURSUANT TO 42 U.S.C. § 1983
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW COMES, Plaintiff Brian Edward Mahoney, appearing in propria persona in forma pauperis, and files this, his Petition for a Writ of Habeas Corpus and Civil rights violation pursuant to 42 U.S.C. § 1983 and pursuant to the "All Writs Act", 28 U.S.C. § 1651, and would show the court as follows:

### I. JURISDICTION

1.   Jurisdiction is allowed pursuant to 28 U.S.C. § 1651, the "All Writs Act", see: **UNITED STATES v. MITCHELL,** 463 U.S. 206, 227 (1983), for duties "owed" to the Plaintiff by federal and state employee's.

### II. PARTIES

2.   Plaintiff is Brian Edward Mahoney, who is a "civil detainee", held at the Federal Medical Center at Devens, which

-1-

is located in the District of Massachusetts and the territorial boundaries of the First Circuit Appeals Court. Plaintiff's registration number is #12232-049 and his address is: FMC-Devens, P.O. Box 879, Ayer, MA 01432.

3. Defendants are the State of New Hampshire, the New Hampshire Supreme Court Justices Dalianis, Chief, James E. Duggan, Gary E. Hicks, Robert J. Lynn, Carol Ann Conboy, and New Hampshire Supreme Clerk Eileen Fox, who address is the New Hampshire Supreme Court, 1 Charles Doe Drive, Concord, NH 03301.

4. Plaintiff Brian Mahoney's suit arises out of his unsuccessful appeals of state superior court orders, and New Hampshire Supreme Court's rulings adverse to Plaintiff Brian E. Mahoney. Plaintiff Mahoney generally asserts that defendants failed to afford him due process and equal treatment because he did not pay the filing fee required for his appeal, and that they penalized him for exercising his right to access the courts. See: **BOUNDS v. SMITH,** 430 U.S. 817 (1977)(which clearly states that all defendants/Plaintiffs have a legal right to all access-to-the-courts.

5. Plaintiff Brian Edward Mahoney seeks relief under 42 U.S.C. § 1983 based on alleged violations of his federal rights. Plaintiff Mahoney also asserts state law claims as well.

### III. BACKGROUND

6. Plaintiff Mahoney has also asserted the following claims, arising out of adverse rulings issued by the New Hampshire Supreme Court ("NHSC") in Plaintiff Mahoney's liligation case number 13-0775 ("NHSC") and case number 2010-EQ-0121 at

Rockingham Superior Court in Kingston, NH 04878.

7.  Defendants violated the Plaintiff's right to equal treatment under the Privileges and Immunities Clause, United States Constitution Article IV § 2 and his right to equal protection under the Fourteenth Amendment, by issuing orders adverse to the Plaintiff Brian E. Mahoney and in favor of local government officials.

8.  Defendants deprived Plaintiff of a fair hearing and an impartial appellate process, in violations of the Plaintiff's Fourteenth Amendment rights to due process and equal protection, by issuing adverse rulings on Plaintiff pro se filings.

9.  Defendants retaliated against Plaintiff for exercising his First and Fourteenth Amendment rights to petition for redress of grievances and right to have access-to-the-courts by sanctioning Plaintiff for not paying a filing fee after the Plaintiff stated he was incarcerated for 47 months and is indigent by his incarceration and Plaintiff did file in forma pauperis status that the New Hampshire Supreme Court did not take under consideration.

10. Defendants are liable under state law for negligence, in that they issued an order adverse to Plaintiff Mahoney without first opening and reviewing the Plaintiff's briefs and appendices, after Plaintiff exhausted all his state legal remedies by a Writ of Certiorari which was constructed as a Motion To Appeal dated April 17, 2014.

11. Defendants are liable under state law for fraudulent

misrepresentation, for asserting in order that the Justices had reviewed Plaintiff Brian Edward Mahoney's briefs and appendices, and Plaintiff did exhaust all legal remedies through a Motion To Appeal a lower Court's Order. See the cited case of JOSSELYN v. DENNEHY, 475 F.3d 1, 2 (1st Cir. 2007)(citing DUNCAN v. HENRY, 513 U.S. 364, 365 115 S. Ct. 887, 130 L.Ed.2d 865 (1995)).

12. [T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application. "ADELSON v. DiPAOLA, 131 F.3d 259, 261 (1st Cir. 1997), see also ROSE v. LUNDY, 455 U.S. 509, 518-19, 71 L.Ed.2d 379, 102 S. Ct. 1198 (1982).

13. Thus giving the state the first "opportunity to pass upon and correct alleged violations of its prisoners federal rights." Exhaustion, a matter of comity, requires the petitioner to present his" federal claims fairly and recognizably to the state courts. ALDRICH v. MacEACHERN, 880 F. Supp. 2d at 775, in KANE v. WINN, 319 F. Supp.2d 162, 214 (D. Mass. 2004), this court pointed out that the average habeas petition takes 447 days to be resolved surely an inordinate delay.

14. Plaintiff Brian Edward Mahoney seeks damages and equitable relief for alleged constitutional violations and state law torts, including an order sanctions against Plaintiff for a failure to pay a filing fee, this is the reason why the

Plaintiff's Motion to Appeal was denied by the New Hampshire Supreme Court "<u>FOR FAILURE TO PAY A FILING FEE WHEN THE pLAINTIFF FILED A MOTION TO PROCEED IN FORMA PAUPERIS.</u> When the case should of been decided on the merits, but not on a technical default for failure to pay a filing fee when I went In Forma Pauperis status. This is not a new claim this Lawsuit has been going on since April 07, 2010 under the case name of <u>BRIAN EDWARD MAHONEY (PLAINTIFF) v. NEW HAMPSHIRE DEPARTMENT OF SAFETY (DEFENDANTS),</u> Case No. 2010-EQ-0121 at Rockingham Superior Court Judge McHugh.

## ARGUMENT

15. Plaintiff was wrongfully placed on the New Hampshire Department of Safety World Wide Web-Page for a level 3 Sex Offender on November 18, 2009 25 years after the Plaintiff was acquitted of Aggravated Felonious Sexual assault RSA 632-A:2. Plaintiff is the very first person to be placed on this Web-Page wrongfully in the United States of America.

16. Plaintiff was charged by the United States Federal Court for the District of New Hampshire case name and number is <u>UNITED STATES v. BRIAN EDWARD MAHONEY,</u> 11-CR-006-JL that was dismissed for a failure to register on March 11, 2014 by the Honorable Judge Joseph N. LaPlante who stated that this Plaintiff is incompetent to stand trial erroneously.

17. Plaintiff has filed a Petition for a Writ of Mandadum/Prohibition, and has also filed a Motion for a Section 2255 to Vacate, Set Aside or correct a Sentence by a Person in Federal Custody, and has helped a number of Federal inmates

here at FMC-Devens, and Judge LaPlante made a 'fraudulent' decision when he stated that Plaintiff was incompetent, and how could this be when Plaintiff has filed all of his Motion, Petition's and has even filed about 25 Motion's on behalf of other inmates. See Exhibits "A".

18. All New Hampshire Supreme Court Justices and New Hampshire Supreme Clerk Eileen Fox all have violated Canon 3(C)(1) of the Code of Conduct for United States Judges should all be "recusal" where the Judges impartiality might reasonably be questioned. Again this is an on going claim that Plaintiff paid the filing fee in 2010 with the Rockingham Superior Court on April 19, 2010 and after that fee was paid Plaintiff has been incarcerated since November 05, 2010 and has been indigent for the past 47 months now. Plaintiff submits that the ("NHSC") has clearly violated the Plaintiff's U.S. Constitutional Rights by asking for a filing fee to redress this claim it is not new and it is an ongoing claim filed and accepted by the Rockingham Superior Court in Kingston, NH 04878.

## PRAYER

WHEREFORE, Plaintiff Brian Edward Mahoney requests the following of this Honorable Court:

1. First, the issuance of an immediate peremptory writ, based on this verified petition and Exhibit "1" attached, to be issued, restraining the Defendant(s) from engaging in any further acts of fraud, as described herein and elsewhere found in the record.

2. The United States District Court(s) for the District of New Hampshire be directed and require to show cause before this Honorable Court at a specified time and place why they should

not Court-Order this case back to the Rockingham Superior Court for a full hearing and that the New Hampshire Supreme Court and the U.S. Attorney's Office Deputy Ann Rice should absolutely and forever be restrained from this case so that no other further crimes, acts of fraud-i.e. 31 U.S.C. § 3729-3733 Federal False Claims Act, or obstruction of justice/retaliation against the Plaintiff, as described in this petition and the "public records" cited herein, based on the controlling precedent set by the United States Supreme Court of Anerica in **PARR v. UNITED STATES,** 351 U.S. 513 (1956).

3. For such relief to which the Plaintiff may be entitled, be ordered and decreed.

4. That the indigent Plaintiff be allowed to proceed in forma pauperis and that the Honorable Court take judicial notice of his status as pursuant to 28 U.S.C. § 1915(g), based on attached motion and proof of poverty.

5. Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to the clerk. See e.g., **MORALES-RIVERA v. UNITED STATES,** 184 F.3d 109, 110 (1st Cir. 1999); **UNITED STATES v. PATTERSON,** 211 F.3d 927, 930 (5th Cir. 2000); as such a motion "filed by an inmate confined in an institution is timely if deposited in the mail. Also see **HOUSTON v. LACK,** 487 U.S. 266 (1988).

6. Venue is proper for the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391(b).

7. The Plaintiff, Brian Edward Mahoney, at all times relevant herein, was a resident of the State of New Hampshire.

8. The breach of the duty, articulated above, was a proximate cause of the injuries and constitutional deprivations set forth above.

9. Plaintiff asks that this Honorable Court remand this case back to Rockingham Superior Court for a Jury Demand Trial where it should be heard on the merits of the case and the New Hampshire Supreme Court should not of dismissed this complaint because an "indigent" "civil detainee" who filed a motion in forma pauperis and the ("NHSC") should not of dismissed this complaint because of a lack of paying a filing fee is a constitutional violation of due process and it is the Plaintiff's right and duty to have his complaint heard in the original court Rockingham Superior Court in Kingston, New Hampshire 04878.

Dated: October 03, 2014

Respectfully Submitted,

*Brian Edward Mahoney*
Brian E. Mahoney
Reg. No. #12232-049, N-5
FMC-Devens
P.O. Box 879
Ayer, Massachusetts 01432
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I caused one original of this Petition for Habeas Corpus Relief as well as Civil Rights Violation pursuant to 42 U.S.C. § 1983 to be provided to the Clerk of the Court by placing such in the inmate legal mail system on this the 3th day of October, 2014, addressed to: United States District Court for the District of New Hampshire, attention: Clerk of the Court, 55 Pleasant street, Concord, New Hampshire 03301.

                                              Brian Mahoney #12232-049

## AFFIDAVIT OF BRIAN E. MAHONEY

COUNTY OF MIDDLESEX  §
STATE OF MASSACHUSETTS  §
                                 §

I, Brian E. Mahoney, being over the age of 18 and competent, do depose and declare that I am detained civilly at FMC Devens and that the foregoing is true and correct, under the pains of penalty of perjury, pursuant to federal law(s) 28 U.S.C. § 1746 and 18 U.S.C. § 1621:

1. Affiant attests he is the Plaintiff in this "Civil Rights Vioaltion and Habeas Corpus Relief", pursuant to 42 U.S.C. § 1983, and that all facts contained herein are true and correct, to the best of affiant's knowledge and all evidence contained in Exhibit "1".

2. Affiant attests that the New Hampshire Supreme Court violated the Plaintiff rights pursuant to 42 U.S.C. § 1983 for failing to even look at the Plaintiff's briefs and that the State of New Hampshire officials, were also in violation of Rule 702 of the Federal Rules of Evidence and 18 U.S.C. §§ 1621 & 1622.

    Further, affiant sayeth naught:

Dated: October 03, 2014

                                              Brian Edward Mahoney Pro Se

EXHIBIT "A"

I MADE THE FILING DEADLINE OF APRIL 18, 2014

# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2013-0775, <u>Brian E. Mahoney v. New Hampshire Department of Safety</u>, the court on March 19, 2014, issued the following order:**

Brian Mahoney's motion to extend time to respond to the court's February 12, 2014 order is granted. No further extensions will be allowed.

On or before April 18, 2014, Mr. Mahoney shall file one copy each of the decision below, the clerk's written notice of the decision below, any order disposing of a timely filed post-decision motion, and the clerk's written notice of any order disposing of a timely filed post-decision motion. These copies will be added to the refiled notice of appeal that Mr. Mahoney filed on January 9, 2014. It appears from Mr. Mahoney's filings that the superior court may have issued the decision below on October 10 or 15, 2013, and may have denied a post-decision motion on November 6, 2013 (clerk's notice dated November 12, 2013).

In addition, on or before April 18, 2014, Mr. Mahoney shall file eight copies of his refiled notice of appeal. Each of the eight copies of the notice of appeal shall include copies of the decision below, the clerk's written notice of the decision below, any order disposing of a timely filed post-decision motion, and the clerk's written notice of any order disposing of a timely filed post-decision motion. Mr. Mahoney shall also certify in writing to this court that he has hand-delivered or sent by first-class mail a copy of the notice of appeal to the opposing party's counsel and two copies of the notice of appeal to the clerk of the Rockingham County Superior Court. <u>See</u> Rule 26(3).

Failure to comply with this order will result in dismissal of the appeal. <u>See</u> Rule 5(4).

This order is entered by a single justice (Hicks, J.). <u>See</u> Rule 21(7).

**Eileen Fox,
Clerk**

Distribution:
Mr. Brian Mahoney
Rebecca L. Woodard, Esquire
File

# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2013-0775, <u>Brian E. Mahoney v. New Hampshire Department of Safety</u>, the court on June 30, 2014, issued the following order:**

On February 12, 2014, and again on March 19, 2014, Brian Mahoney was ordered to take several actions to cure his non-compliant appeal filing. Brian Mahoney failed to comply with those orders, the latter of which required compliance on or before April 18, 2014.

Consequently, the appeal is dismissed. <u>See</u> Rule 5(4).

In light of the dismissal, the court waives the filing fee. The motion to waive the filing fee is therefore moot.

<u>Appeal dismissed</u>.

This order is entered by a single justice (Lynn, J.). <u>See</u> Rule 21(7).

**Eileen Fox,
Clerk**

Distribution:
Clerk, Rockingham County Superior Court, 218-2010-EQ-00121
Honorable Kenneth R. McHugh
Mr. Brian Mahoney
Rebecca L. Woodard, Esquire
File

THE ("NHSC") GAVE ANSWERED THE SECOND SUPPLEMENTATION

NEVER ANSWERED THE SECOND SUPPlEMENTATION AT ALL

**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

In Case No. 2013-0775, <u>Brian E. Mahoney v. New Hampshire Department of Safety</u>, the court on August 1, 2014, issued the following order:

Upon reconsideration, the court affirms its order of June 30, 2014, and denies the relief requested in Brian Mahoney's motion for reconsideration ("petition to reopen [the] case").

<u>Relief requested in the motion denied</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

Distribution:
Clerk, Rockingham County Superior Court, 218-2010-EQ-00121
Honorable Kenneth R. McHugh
Mr. Brian Mahoney
Rebecca L. Woodard, Esquire
Allison Cook, Supreme Court
File

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE
ATTENTION: CLERK OF THE COURT
55 PLEASANT STREET
CONCORD, NEW HAMPSHIRE 03301

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2014 OCT -6 P 1:44

Dear Clerk of the Court,

Could you please mark, file, record and assign a docket number to this Petition to Appeal the New Hampshire Supreme Court's decision to dismiss this lawsuit for not filing a filing fee.

1. PETITION FOR WRIT OF HABEAS CORPUS AND CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983.

2. MOTION TO PROCEED IN FORMA PAUPERIS.

3. CERTIFICATE OF SERVICE.

4. EXHIBITS.

I would like to thank you in advance for your prompt cooperation in bring this Petition to the attention of the Court at your earliest conference so that the Court can issue a docket number promtly in this matter which is now before the United States District Court for the District of New Hampshire in Concord, New Hampshire for relief.

Dated: October 03, 2014

Respectfully Submitted,

*Brian E. Mahoney*
Brian Edward Mahoney
Reg. No. #12232-049, N-5
FMC-Devens
Ayer, MA 01432
Plaintiff Pro Se