```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

Brian Edward Mahoney

   v.                                    Civil No. 14-cv-431-JD

State of New Hampshire, New Hampshire
Supreme Court, Chief Justice Linda Dalianis,
Associate Justices James Duggan, Gary Hicks,
Robert Lynn, and Carol Ann Conboy, and
New Hampshire Supreme Court Clerk Eileen Fox

### REPORT AND RECOMMENDATION

Before the court is the complaint (doc. no. 1), filed by plaintiff Brian Edward Mahoney, naming the State of New Hampshire, the justices of the New Hampshire Supreme Court ("NHSC"), and the NHSC Court Clerk as defendants. Plaintiff, proceeding pro se and in forma pauperis, seeks damages and injunctive relief on claims asserting that NHSC decisions violated his federal constitutional rights and involved negligent and fraudulent conduct. The complaint is before this magistrate judge for preliminary review under LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

### Preliminary Review Standard

The court may dismiss claims asserted in a complaint filed

by a plaintiff proceeding in forma pauperis at any time, if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2).  In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Mahoney filed an action against the New Hampshire Department of Safety in the New Hampshire Superior Court, Rockingham County, to challenge his inclusion on the state sex offender registry.  See Mahoney v. N.H. Dep't of Safety, No. 218-2010-EQ-00121 (N.H. Super. Ct., Rockingham Cnty.).  Mahoney alleges that he sought to appeal adverse orders in that case,

and that the NHSC improperly dismissed Mahoney's appeal. Attached to Mahoney's complaint are copies of NHSC orders at issue in this action. See, e.g., Doc. No. 1, at 11-13.

Mahoney asserts that the dismissal of his appeal breached duties that defendants owed to plaintiff under state and federal law, and violated his right to access the courts, his Fourteenth Amendment rights to due process and equal protection, and his rights under the Privileges and Immunities Clause, U.S. Const. Art. IV, § 2.  Mahoney further asserts that defendants dismissed his appeal to retaliate against him for exercising his First and Fourteenth Amendment rights to petition the government for redress of grievances and to access the courts.  Finally, Mahoney asserts that the dismissal rendered defendants liable to him under state law, for negligently failing to review his filings, and for fraud.  Mahoney seeks damages and equitable relief, including an order remanding his state court case back to the Rockingham County Superior Court.

## Discussion

I. **Mahoney's Status**

Rule 17(c)(2) of the Federal Rules of Civil Procedure provides, as follows:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Mahoney has acknowledged that he was adjudicated incompetent to stand trial in the District of New Hampshire in a criminal case in 2013. The First Circuit affirmed that ruling. See United States v. Mahoney, 717 F.3d 257, 266 (1st Cir. 2013). Additionally, on May 21, 2015, the judge presiding in a civil commitment proceeding in the District of Massachusetts recommended that counsel be appointed for Mahoney in his appeal in that matter because that judge had reservations about Mahoney's ability to represent himself in that proceeding. See United States v. Mahoney, No. CIV. 13-11530-PBS, 2015 WL 2448308, at *4 (D. Mass. May 21, 2015). The findings in those prior proceedings provide grounds for this court to consider whether to appoint a guardian ad litem or issue another order to protect Mahoney in this case, at this time.

In Mahoney v. Hearst Corp., No. 13-cv-12994-LTS, 2015 U.S. Dist. LEXIS 19253, *4 (D. Mass. Feb. 17, 2015), the District of Massachusetts considered a similar question in a civil case involving the same plaintiff, in which the court had granted

4

defendants' motion to dismiss Mahoney's pro se complaint.  In ruling on Mahoney's motion to reconsider that court's prior order denying Mahoney's earlier request for appointment of counsel, the court in Hearst Corp. observed:

> The First Circuit has not addressed the application of Rule 17(c)(2) under these circumstances.  The Third Circuit, however, has said, "[i]n the context of unrepresented litigants proceeding in forma pauperis, this inquiry [as to the application of Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)."

Hearst Corp., 2015 U.S. Dist. LEXIS 19253, at *4 (quoting Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012)).  The Hearst Corp. court denied Mahoney's motion for reconsideration of its order denying the request for court-appointed counsel, upon noting that the amended complaint had been dismissed for reasons authorized by 28 U.S.C. § 1915(e)(2)(B), and that Mahoney had requested an appointment of counsel, and not appointment of a guardian ad litem.  See Hearst Corp., 2015 U.S. Dist. LEXIS 19253, at *4.

In this case, the complaint at issue here similarly fails to survive screening pursuant to 28 U.S.C. § 1915(e)(2), for reasons stated below.  Cf. Powell, 680 F.3d at 307 (after district court is presented with verifiable evidence of an unrepresented plaintiff's incompetence, district "court may not

5

weigh the merits of claims <u>beyond the § 1915A or § 1915(e)(2) screening if applicable</u>" (emphasis added)).  Accordingly, this court need not, sua sponte, appoint a guardian ad litem or issue any other order to protect Mahoney in this case at this time.

## II. <u>Rooker-Feldman</u>

One basis upon which this court may dismiss a claim pursuant to 28 U.S.C. § 1915(e) is the <u>Rooker-Feldman</u> doctrine. <u>See, e.g.</u>, <u>Denis v. Riverwalk Holdings, Ltd.</u>, 596 F. App'x 519 (7th Cir. 2015).  The <u>Rooker-Feldman</u> doctrine holds that, as a general rule, federal district courts should not sit in direct review of state court decisions.  <u>See</u> <u>D.C. Ct. App. v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413 (1923).  The <u>Rooker-Feldman</u> doctrine divests this court of jurisdiction over "'cases brought by state-court losers [complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and] inviting district court review and rejection of [the state court's] judgments.'" <u>Skinner v. Switzer</u>, 562 U.S. 521, 131 S. Ct. 1289, 1297 (2011) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)).  The plaintiff's "proper recourse," in such cases, "is with the United States

6

Supreme Court; he cannot file a complaint in the federal district court challenging the state court's judgment." Moore v. Tex. Crim. App., 561 F. App'x 427, 431 (5th Cir. 2014) (prisoner's civil rights action, alleging that state judges failed to rule on his petitions, was barred by Rooker-Feldman).

Mahoney's federal and state law claims here seek review and reversal by this court of decisions made by the NHSC, and remand of a state court case back to the Superior Court, in a civil proceeding that has now ended, in which Mahoney was denied relief.  All of the claims in the complaint are thus barred by the Rooker-Feldman doctrine.  Accordingly, this court lacks jurisdiction over this matter, and this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).


### Conclusion

For the foregoing reasons, the district judge should dismiss the complaint, without prejudice, as barred by the Rooker-Feldman doctrine.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-

Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_/s/ Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

May 28, 2015

cc: Brian Edward Mahoney, pro se